**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4109**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

CURLEY JACOBS,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00313-WO-1)

Submitted:  July 21, 2020                        Decided:  July 23, 2020

Before AGEE, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Ashley E. Waid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curley Jacobs appeals the aggregate 168-month upward variant sentence imposed by the district court after he pled guilty, pursuant to a plea agreement, to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018), and to being a felon in possession of multiple firearms, also in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Jacobs argues on appeal that the upward variant sentence is substantively unreasonable because his calculated Sentencing Guidelines range of 110-137 months in prison adequately accounted for all of the factors identified by the district court to support the extent of the upward variance. We affirm.

This court reviews a "sentence[ ]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In conducting this review, we first examine the sentence for "significant procedural error," such as improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) (2018) factors, or inadequately explaining the chosen sentence. *Id*. at 51. Once assured that the sentence is procedurally reasonable, we then review for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id*.

To be substantively reasonable, the sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines[.]" *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and

internal quotation marks omitted). Because "all sentencing decisions" are afforded appellate deference, *id*., "[w]e "must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different[,]" *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017) (internal quotation marks omitted).

Although Jacobs does not challenge on appeal the procedural reasonableness of his sentence, we have reviewed that aspect of his sentence and conclude that the sentence is procedurally sound. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (holding that, regardless of whether raised on appeal, this court must ensure the procedural reasonableness of a sentence before evaluating it for substantive reasonableness). We further conclude that Jacobs' sentence is substantively reasonable. Specifically, while Jacobs put forth several arguments in favor of a within-Guidelines sentence, the district court decided that Jacobs' criminal history—which was long-enduring, largely unabated, and consistently violent—coupled with the need to deter Jacobs from further criminal conduct and to protect the public from Jacobs' demonstrated propensity toward violence, justified a sentence 31 months longer than the high end of Jacobs' calculated Guidelines range. Upon review of the record, we hold that such a conclusion is not an abuse of discretion.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3